# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

CHANDRA KANTOR, as the
Personal Representative of the
Estate of HANUMAN JOYCE, and
Survivors, CHANDRA KANTOR,
Mother, and RAMAYANA BABA,
Father,

      Plaintiff,

v.                                             Case No.: 3:16cv449-RV/GRJ

CORIZON LLC; DANIEL CHERRY, D.O.,
individually; CHRISTINE NOBLES,
individually; AMANDA SNEED, individually;
BAPTIST HOSPITAL, INC.; HAITHAM
QADER, M.D., individually; SURENDAR
S. VEERA, M.D., individually,

      Defendants.
_____/

## ORDER

      The plaintiff, Chandra Kantor, is the mother and personal representative of the estate of Hanuman Joyce, a Florida prisoner who died while in the back of a Florida Department of Corrections ("FDOC") van as he was being transported from Baptist Hospital in Pensacola to a prison hospital in Lake Butler. The plaintiff originally sued numerous FDOC and hospital defendants, but she subsequently settled with the FDOC defendants. The hospital defendants have now moved to amend their previously-filed answers and affirmative defenses to add the FDOC defendants as "*Fabre* defendants"

(docs. 141, 142, 143).[1] The plaintiff has opposed the motions, contending that *Fabre* only applies to *negligent* conduct, and the allegations against the FDOC defendants in the operative complaint involved primarily (but not solely) *intentional* misconduct. The hospital defendants then moved for leave to file replies to the plaintiff's response (docs. 145, 147), and the plaintiff has filed responses in opposition.

The plaintiff is correct that *Fabre* only applies to negligent conduct. *See, e.g., Merrill Crossings Assocs. v. McDonald*, 705 So.2d 560, 623-63 (Fla. 1998) ("it would be irrational to allow a party who [commits negligence] to reduce its liability because there is an intervening intentional tort . . ."). However, the operative complaint alleges *some* negligent conduct by certain of the FDOC defendants and, in any event, as one of the hospital defendants has noted, "there is no legal basis for confining the theory of liability against a *Fabre* defendant to the theories contained in a complaint. Indeed, many *Fabre* defendants are never named in a given complaint."

When a court is presented, as here, with a motion to amend the pleadings after the deadline in the scheduling order has passed, the court must engage in a two-step analysis. First, I must determine whether the party seeking to amend has shown "good cause" for modifying the scheduling order. *See Millennium Partners, L.P. v. Colmar Storage, LLC*, 494 F.3d 1293, 1298-99 (11th Cir. 2007). If the movant demonstrates good cause, I must then determine whether the amendment is proper under Rule 15(a) of the Federal Rules of Civil Procedure. *See id.*[2]

---

[1] In *Fabre v. Marin*, 623 So.2d 1182 (Fla. 1993), the Supreme Court of Florida held that the state comparative fault statute requires fault to be apportioned among all responsible entities who contribute to an injury even though not all of them have been (or could be) joined as defendants.

[2] Rule 15(a) provides that a party may amend the pleadings "only with the opposing party's written consent or the court's leave," but that leave shall be freely given "when justice so requires." In construing Rule 15(a), the Supreme Court has held that:

As for the first step, the hospital defendants have established good cause for the amendment. Indeed, before the FDOC defendants settled with the plaintiff, they were not *Fabre* defendants or subject to any setoff claims because they were parties to the case. As for the second step, plaintiff has offered no persuasive or compelling reason why leave should not be "freely given" on the facts of this case.

Accordingly, the hospital defendants' motions for leave to amend their answers and affirmative defenses (docs. 141, 142, 143) are hereby GRANTED, and the FDOC defendants may be *Fabre* defendants to the extent their conduct sounds in negligence. The hospital defendants' motions for leave to file a reply to the plaintiff's response in opposition (docs. 145, 147) are DENIED, as moot.

DONE and ORDERED this 3rd day of October 2017.

/s/ Roger Vinson
ROGER VINSON
Senior United States District Judge

---

In the absence of any apparent or declared reason—such as undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962).