**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

CHANDRA KANTOR, as the
Personal Representative of the
Estate of HANUMAN JOYCE, and
Survivors, CHANDRA KANTOR,
Mother, and RAMAYANA BABA,
Father,

      Plaintiff,

v.   Case No.: 3:16cv449-RV/GRJ

CORIZON LLC; DANIEL CHERRY, D.O.,
individually; CHRISTINE NOBLES,
individually,

      Defendants.

_____/

## ORDER

According to the allegations in the complaint, Hanuman Joyce was a gravely ill Florida prisoner who died while shackled and sitting upright (alone) in the back of a windowless Florida Department of Corrections van as he was being transported over a period of several hours from a public hospital in Pensacola to a prison hospital in Lake Butler. Chandra Kantor, his mother and the personal representative of his estate, brought this civil rights and negligence lawsuit against almost two dozen defendants, but the action has been winnowed down to three: Corizon LLC (a Tennessee company that contracted with FDOC to provide medical care to Florida inmates); Daniel Cherry (the Regional Medical Director of Corizon); and Christine Nobles (a Registered Nurse Coordinator employed by Corizon) (together, the defendants). The plaintiff has raised the following claims against the defendants: deliberate indifference (count 1); medical negligence (against Dr. Cherry) (count 5); medical negligence (against Nurse Nobles)

(count 6); and simple, non-medical negligence (count 11). Counts 1, 5 and 11 include allegations that are based—in part, but not exclusively—on a violation of Section 33-603.201(8), Florida Administrative Code, which provides:

> In addition, if there is any indication that an inmate who is to be transferred is not in good physical or mental condition, the transfer officer shall secure the advice of the institution physician before beginning the trip. Transfer of an inmate who is ill or injured shall be undertaken based on the advice of the Chief Health Officer on duty. The Chief Health Officer shall determine if medical staff are to accompany the inmate while being transferred. If he does decide that medical staff need to accompany the inmate, he must assign the staff.

The defendants have now filed a motion for judgment on the pleadings (doc. 156), arguing that to the extent counts 1, 5 and 11 are based on a violation of Section 33-603.201(8), they are entitled to judgment as a matter of law. In making this argument, defendants assert that Section 33-603.201(8) required that the "transfer officer [John Farish and Brian Carthan] shall secure the advice of the institution physician [Dr. Ho] before beginning the trip," and since the operative (Third Amended) complaint states that was not done [doc. 95 ¶ 93], that relieved the Chief Health Officer [Dr. Cherry] from further obligation under the statute. Specifically, the defendants argue that:

> From a reading of the Third Amended Complaint, it is clear that [the defendants] owed no duty to 'secure the advice of the institution physician before beginning the [transfer]" of Mr. Joyce. The language of the Florida Administrative Code provision cited throughout the Complaint specifically assigns that duty to the transfer officer exclusively. The code provision itself provides that only after the transfer officer secures the advice of the Chief Health Officer does the Chief Health Officer have any duty to act.

* * *

> It was the duty of CARTHAN and FARISH, as the transport officers assigned to Mr. Joyce, to seek advice from the Chief Health Officer if they felt the inmate was ill. Because it is undisputed from the allegations found within the four corners of the Complaint, which Defendants have also admitted in their Answer, that the two transport officers did not seek the advice of the Chief Health Officer, a duty cannot be imposed on [the defendants].

The plaintiff has filed a response in opposition to defendants' motion, arguing that it is untimely, procedurally improper, violates Rule 12(g) of the Federal Rules of Civil Procedure, and fails on the merits. I need not consider the procedural objections to the motion because I agree that it ultimately fails on the merits.

The language of the regulation is plain: (1) while the "transfer officer" is to seek the advice of the institution physician before beginning the trip (which it is undisputed was not done here), (2) the Chief Health Officer is supposed to determine what if any medical staff is to accompany the inmate during transport. The plaintiff has argued in her response, and I agree, that there is no indication that (2) depends on (1) or that (1) is in any way a prerequisite for (2). On its face, there does not appear to be anything conditional about the Chief Health Officer's obligation under Section 33-603.201(8), and there is no basis for reading his obligations as requiring and being activated only after consultation with the transfer officer. Indeed, a plain reading of the regulation compels the conclusion that they are separate and independent obligations. Of course, the defendants can only be held liable for the actions they took (or did not take) based on what they knew (or should have known). But, that will be a determination based on the *evidence* in the case.

The defendants' motion for judgment on the pleadings (doc. 156) must be, and is, DENIED.

DONE and ORDERED this 11th day of January 2018

                                           /s/ Roger Vinson  
                                         ROGER VINSON  
                                         Senior United States District Judge