IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CHANDRA KANTOR, as the
personal representative of the
Estate of HANUMAN JOYCE, and
Survivors, CHANDRA KANTOR,
Mother, and RAMAYANA BABA,
Father,

    Plaintiff,

v.                          Case No. 3:16-cv-449-RV-GRJ

CORIZON LLC, DANIEL CHERRY, D.O.,
individually; AMANDA SNEED, invidually,
BAPTIST HOSPITAL, INC.; HAITHAM
QADER, M.D., individually; SURENDAR
S. VEERA, M.D., individually,

    Defendants.

_____/

## **ORDER**

Pending before the Court is ECF No. 177, Defendants' Rule 37(C) Motion to Strike Plaintiff's Third and Fourth Supplemental Rule 26(a)(1) Disclosures. Plaintiff has filed a Response in Opposition, ECF No. 185, and the motion is otherwise ripe for review.[1] For the reasons discussed

---

[1] Defendant, Corizon Health without obtaining leave from the Court filed a reply to Plaintiff's response. ECF No. 186. Because Defendant did not obtain leave to file the

below, Defendant's motion to strike is due to be denied.

## DISCUSSION

Relying upon Rule 37(c)(1) of the Federal Rules of Civil Procedure, Defendant, Corizon Health, Inc. ("Corizon") requests the Court to strike and preclude Plaintiff from using the documentary evidence and the testimony of additional witnesses Plaintiff included in her third and fourth supplemental Rule 26(a)(1) disclosures. Specifically, Corizon seeks to strike the following evidence Plaintiff disclosed in her third and fourth supplemental disclosures:

- Letter from the Florida Department of Corrections to Corizon Chief Executive Woodrow Myers ("Myers Letter");

- Transcript of Dr. Albert Maier ("Maier Transcript");

- Declaration of Charles Pugh ("Pugh Declaration");

- Letter from Susan Clark regarding her incarcerated son's medical treatment by Corizon ("Clark Letter").

Corizon also seeks to exclude as witnesses: Dr. Albert Maier, Charles Pugh, Ryan Huff and Susan Clark, each of whom were identified as additional witnesses in the third or fourth supplemental disclosures.

---

reply as required by N.D. Fla. Loc. R. 7.1(I) the Court will not consider the reply memorandum.

*Case No: 3:16-cv-449-RV-GRJ*

Corizon says that because these disclosures were made after October 30, 2017, the close of discovery, Corizon has been prejudiced because it has not had the opportunity to depose the witnesses or take discovery concerning the documents disclosed in the third and fourth supplemental disclosures. Corizon requests the Court not to consider any of this evidence in ruling on Corizon's pending motion for summary judgment and to exclude this evidence at trial.

The starting point in the analysis is Rule 37(c)(1). The Rule provides in relevant part that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." The exclusion of such information or witnesses is an "automatic sanction" that "provides a strong inducement for disclosure of material that the disclosing party would expect to use as evidence, whether at a trial, at a hearing, or on a motion . . ." FED. R. CIV. P. 37(c)(1) advisory committee's note. Even though the advisory committee notes provide that exclusion is an automatic sanction exclusion of evidence should not apply if the offending party's failure was "substantially justified" or if the failure was "harmless."

*Transclean Corp., v. Bridgewood Services, Inc.,* 101 F.Supp. 2d 788, 795 D. Minn. 2000). "These exceptions to Rule 37(c)(1)'s imperative serve to 'avoid unduly harsh penalties' that may result from an inflexible application of the Rule. *Id.* (*citing* Rule 37(c), Federal Rules of Civil Procedure, Advisory Committee Notes—1993 Amendments).

While courts have used slightly different recitations of the factors a court should consider in determining whether the failure to disclose was substantially justified or the failure to disclose was harmless, generally the four factors consistently applied by the courts are: (1) the importance of the excluded material; (2) the explanation of the party for its failure to comply with the required disclosure; (3) the potential prejudice that would arise from allowing the material to be used at trial; and (4) the availability of a continuance to cure such prejudice. *See, e.g. Transclean Corp.*, 101 F.supp. 2d at 795-796; *David v. Caterpillar, Inc.,* 324 F. 3d 851, 857 (7th Cir. 2003)( also including bad faith or willfulness as one of the factors); *Southern States Rack And Fixture, Inc. v. Sherwin-Williams Co.,* 318 F. 3d 592, 596 (4th Cir. 2003)(noting that bad faith should not be considered in determining whether the court should exclude evidence but bad faith may be taken into account in determining which sanctions to impose).

The situation in this case is different from the more typical situation where a party completely fails to disclose required information in its initial disclosures. Instead, here, Plaintiff affirmatively disclosed the information in its supplemental disclosures—presumably consistent with Plaintiff's responsibility under Rule 26(e)(1) to supplement her initial disclosures "in a timely manner if the party learns that in some material respect the disclosure is incomplete ... " The question, therefore, is whether the supplementation was made in a reasonable timely manner, and if not, whether the late disclosure would cause prejudice to Corizon or is harmless.

To answer this inquiry the Court must separately examine the evidence Corizon says should be excluded.

Turning first to the Myers Letter, surprisingly neither party makes any mention of the substance of the letter, the date the letter was transmitted or even how this letter has any importance or relevance to the issues in the case. Notably, based upon the Court's review of the docket the Myers Letter was not filed by Plaintiff in support of her opposition to Corizon's motion for partial summary judgment[2] so the letter does not impact the

---

[2] *See,* Plaintiff's exhibits, ECF No. 178.

Court's determination of the motion for summary judgment.

As to the importance of the Myers Letter Corizon fails to provide the Court with even a glimpse of how the letter could prejudice Corizon. In the absence of any discussion (or even a copy of the letter) Corizon has failed to show how the disclosure of this letter has prejudiced them in any way.

Plaintiff's discussion of the Myers Letter is equally as deficient. The Court has no clue what the letter concerns. The only information provided to the Court is that Plaintiff did not "become aware" of the letter until after the close of discovery on October 30, 2017. Obviously, if Plaintiff obtained the letter through its ongoing investigation from a third party source and then listed the letter in its supplemental disclosures within a reasonable period of time there is no basis for sanctions and the disclosure was consistent with Plaintiff's duty under the Rules to supplement her disclosures. Because the Court has no clue when, after October 30, 2017, the letter was discovered the Court cannot determine whether the disclosure was made in a reasonably timely manner. Nonetheless, because of the dearth of information offered by Corizon concerning the Myers Letter the Court has no basis to strike the Myers Letter. Therefore, Corizon's request to strike the Myers Letter is due to be denied.

With regard to the Maier Transcript the Court again has been left to hunt and search for the transcript in an effort to determine the nature and subject matter of the transcript. The Court has identified what appears to be a partial copy of a transcript filed as part of ECF No. 178, Ex. HH. (See ECF No. 178-33). Dr. Maier was the former Medical Director at RMC from April 2014 until June 10, 2015. As Medical Director Dr. Maier was an employee of Corizon. As a former employee of Corizon it is difficult to understand how Corizon would be caught off guard by the disclosure of Dr. Maier as a potential witness. And while there is no reference to the lawsuit in which Dr. Maier testified, it is fairly evident it was a lawsuit involving either the FDOC and/or Corizon. Even if Corizon was not a party to that suit it is evident from the transcript that Corizon was and is fully familiar with Dr. Maier's role in its organization. Notably, the transcript is dated September 7, 2017, thus suggesting that the transcript was not in existence on November 22, 2016, when Plaintiff served her initial disclosures. ECF No. 55. Plaintiff says she obtained the transcript on November 20, 2017.

While Plaintiff could have served its supplemental disclosures sooner than February 1, 2018, the Court is hard pressed to conclude that Corizon

has been prejudiced. The only reason Corizon advances in support of its argument that it has been prejudiced is that because discovery has closed it cannot depose Dr. Maier. Again conspicuously absent from Corizon's claim of prejudice is any discussion of how Dr. Maier's testimony in another lawsuit is critical to this case. Moreover, because Dr. Maier is a former employee Corizon makes no mention of why it cannot contact Dr. Maier and, if needed, obtain an affidavit from him. And even assuming Dr. Maier is a disgruntled former employee (a scenario never suggested by Corizon), thus requiring that any testimony must be obtained through a third party deposition, Plaintiff has no objection to Defendant deposing Dr. Maier. In the absence of objection, the Court on motion would permit Defendant to depose Dr. Maier.

Corizon discusses none of this and instead relies upon the blanket assertion that the failure to disclose sooner requires exclusion. Exclusion is a harsh sanction, particularly where the testimony to be excluded is the testimony of a former employee, who provided the testimony in a previous lawsuit about which Corizon undoubtedly was aware. Because there has been no showing of prejudice— and to the extent there is prejudice because the disclosure was made after the close of discovery—the

prejudice is harmless because Corizon without objection by Plaintiff may depose Dr. Maier by filing a request with the Court to take his deposition.

The analysis concerning the Pugh Declaration[3] is similar to the Maier Transcript. Dr. Pugh , like Dr. Maier, is a former Corizon employee. Dr. Pugh was the Corizon Medical Director in 2013 and 2014 at Chatham County Jail in Savannah, Georgia. The Pugh Declaration is dated January 30, 2015, and was submitted in a previous lawsuit, filed against Corizon. In view of the fact that the Pugh Declaration was submitted against Corizon in a previous lawsuit makes it difficult to understand how Corizon can claim it was surprised by the Pugh Declaration.

Additionally, the information in the the Pugh Declaration appears to be limited to medical treatment at the Chatham County Jail. While the information may have some marginal relevance to this case, the Pugh Declaration says little about the FDOC facility in this case or even the type of treatment provided to inmates by Corizon in the FDOC. Thus, even if the Pugh Declaration can be used in this case to support Plaintiff's claim (a proposition that would appear to be a real stretch) and Corizon wants to depose Dr. Pugh, any prejudice easily can be ameliorated by requesting

---

[3] ECF No. 178, Ex. HH.

permission to depose Dr. Pugh, a request Plaintiff says she does not oppose. In short, the failure to disclose the Pugh Declaration, like the Maier Transcript, has not prejudiced Corizon, and at best is harmless.

Turning last to the Clark Letter, resolution of whether to exclude this evidence is easy. Plaintiff represents that she did not come into possession of this letter until February 5, 2018, when the letter was sent unsolicited to Plaintiff's counsel. Obviously, because Plaintiff did not have the letter until more than a year after filing its initial disclosures, supplementing its Rule 26(a) disclosures on February 13, 2018, was timely.

And assuming Plaintiff was first alerted when Plaintiff received the Clark Letter on February 5, 2018 that Susan Clark and her son, Ryan Huff, may have information relevant to the case, disclosure of these witnesses in the supplemental disclosure (filed eight days later) was timely and consistent with Plaintiff's duty under Rule 26(e)(1) to supplement disclosures. Therefore, there is no legal justification for excluding the Clark Letter or Susan Clark and her son, Ryan Huff, as witnesses. While the disclosure of this information may have surprised Plaintiff the remedy is not to exclude the testimony but rather upon motion to allow Corizon to depose Ms. Clark and Mr. Huff.

Accordingly, upon due consideration, it is **ORDERED:**

Defendant's Rule 37(c) Motion to Strike Plaintiff's Third and Fourth Supplemental Rule 26(a)(1) Disclosures, ECF No. 177, is **DENIED**.

**DONE AND ORDERED** this 6th day of April 2018.

                        *s/Gary R. Jones*
                        GARY R. JONES
                        United States Magistrate Judge