**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

CHANDRA KANTOR, Individually and as
Personal Representative of the Estate of
Hanuman Joyce, and Survivors, Chandra
Kantor, Mother and Ramayana Baba,
Father,

Plaintiffs,

v.                                              Case No.:  3:16-CV-449-RV-GRJ

WARDEN JOHN SLOAN, et al,

Defendants.

_____/

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO STAY
THE COURT'S RULING ON DEFENDANTS' SUMMARY JUDGMENT
MOTION AND TO RE-OPEN DISCOVERY**

COMES NOW, the Defendant, CORIZON HEALTH, INC., by and through

its undersigned attorneys and files this Response to Plaintiff's Motion to Stay the

Court's Ruling on Defendants' Summary Judgment Motion and to Re-open

Discovery and in support thereof, states as follows:

1. Though discovery in this case ended on October 30, 2017, the parties, by

   agreement, took three depositions after the cutoff on November 10, 2017,

   November 14, 2017, and December 11, 2017.

2. Subsequent to the discovery deadline and only when filing its Motion for

   Summary Judgment did Plaintiff identify its first "unsolicited" letter

   received by Susan Clark in an attempt to create a question of fact as to the

liability of Defendant Christine Nobles.  Now, Plaintiff has identified yet another "unsolicited" letter that it argues is contradictory to the testimony provided by Defendants Nobles and Cherry.

3. Even aside from the odd and convenient proliferation of "unsolicited" letters that have landed in the hands of Plaintiff's counsel, the fact remains that the most recent letter does NOT contradict the testimony of Nobles nor Cherry as follows:

a.      First, Plaintiff has alleged, since the filing of its Complaint, that Dr. Cherry and Nurse Nobles, "hasten[ed] the discharge of MR. JOYCE from BAPTIST HOSPITAL."  [Doc. 1, ¶ 115, 165]  The implication is that this was based on costs to Corizon.  Therefore, Plaintiff has, since September 7, 2016, intended on presenting the argument that Defendants Corizon, Cherry, and Nobles, made a crucial decision to the detriment of Hanuman Joyce in an effort to save money.

To that end, whatever allegations this "unsolicited" letter makes about Corizon's consideration of costs, the letter absolutely does not say that the author had personal or direct knowledge specifically that Hanuman Joyce's discharge from Baptist Hospital was made hastily with an eye towards saving money.  Nor does the

letter say that the decision to use the DOC van as opposed to an ambulance was made to save money.  Rather, the letter questions these decisions in the same way Plaintiff has done through this lawsuit.  A letter that voices suspicions about decisions that were made or voices concerns over the decisions that were made is not evidence that can contradict the testimony in this case which came from not only Cherry and Nobles but from multiple Baptist Hospital physicians and nurses.

b.    Second, as it relates to the "daily calls" testified to previously by Dr. Cherry and Nurse Nobles regarding hospitalized inmates, the letter refers to those phone calls as calls during which Corizon representatives "repeatedly emphasized the need to limit outside hospital admission and stays as a necessary cost containment measure."

Plaintiff characterizes Dr. Cherry's testimony regarding those daily calls as misleading, but that again is simply untrue. Dr. Cherry was not asked a single question by Plaintiff's counsel about whether costs played a role in any of his decision making or whether costs were ever stressed to him as a reason for making certain decisions regarding inmate healthcare.  Both Dr. Cherry

and Nurse Nobles identified those who were also in attendance on the daily phone calls and Plaintiff's counsel made no further efforts to obtain deposition testimony from any of the other parties.  To now claim that this "unsolicited" letter contains information that makes the subject of the daily phone calls suddenly relevant in a way that they were unaware of prior to the letter's receipt is disingenuous at best. The daily phone calls and what information was discussed about Hanuman Joyce during those phone calls have always been of importance.

   Plaintiff's counsel deposed Dr. Cherry and Nurse Nobles on June 17, 2017 and had plenty of time following the depositions to further conduct discovery on the issue.  That Plaintiff's counsel did not seek further discovery regarding what was discussed about Mr. Joyce's condition during the phone calls is a problem that Plaintiff now seeks to remedy by presenting this "unsolicited" letter under the guise of newly discovered evidence.  It's clear however that this is merely a nefarious tactic being used in an effort to re-open discovery, plain and simple.

c.    Also of note is Plaintiff's statement that the letter in question is one that "appears to have been drafted by someone relatively high-

up in the Corizon management structure with extensive knowledge of the relevant medical facilities." This statement has no foundation whatsoever, is highly speculative and misleading regarding the weight that should be given to the contents of the letter. Despite being labelled an "unsolicited" letter, the letter contains information readily available to anyone who bothered to pull the case file from PACER and review the documents filed along with the recent motions.  In fact, the letter specifically refers to documents that could only have been obtained by a review of the documents filed with the court docket or that were obtained from one of the parties to this lawsuit.   Furthermore, there is nothing in the purely hearsay letter that indicates a specific knowledge as to the decisions made regarding Hanuman Joyce that would warrant re-opening discovery in the way sought by Plaintiff.

To allow such a fishing expedition would fly in the face of the discovery rules that are in place to both provide the ability to seek answers and the parameters within which those questions may be asked.  Plaintiff had the opportunity, from the beginning of discovery, to conduct the depositions or serve the interrogatories and requests for

production it now seeks, particularly the discovery sought in the form

of re-deposing CHERRY and NOBLES.

For all of the reasons stated herein, Defendants request that Plaintiff's

Motion to Stay Ruling on Motion for Partial Summary Judgment and Reopen

Discovery be DENIED.

### CERTIFICATE OF WORD LIMITATION

In accordance with N.D. Fla. Loc. R. 7.1(F), the number of words in the

memorandum, which excludes the case style, signature block, and certificates, is

1,111.

### CERTIFICATE OF SERVICE

The Defendant by and through undersigned counsel, hereby states a true and

correct copy of the foregoing has been filed by CM/ECF and served via CM/ECF

this 10th day of April, 2018.

/s/ Jami M. Kimbrell
Jami M. Kimbrell
FBN.:  0657379
jmk@sbmlaw.net
Joseph E. Brooks
FBN: 0880752
jeb@sbmlaw.net
BROOKS LAW
2629 Mitcham Drive
Tallahassee, FL 32308
Tel: 850-201-0942
Fax: 850-201-0909
Attorneys for Defendants