# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

| | |
|---|---|
| CHANDRA KANTOR, as Personal Representative of the Estate of HANUMAN JOYCE and Survivors, CHANDRA KANTOR, Mother, and RAMAYANA BABA, Father,<br><br>    Plaintiff,<br>v.<br><br>WARDEN JOHN SLOAN, in his individual capacity, OLUGBENGA OGUNSANWO, MD, individually; CORIZON HEALTH, INC., a health services corporation; DANIEL CHERRY, DO, individually; CHRISTINE NOBLES, individually; AMANDA SNEED, individually; BAPTIST HOSPITAL, INC.; HAITHAM QADER, MD, individually; SURENDAR S. VEERA, MD, individually; SCOTT M. HOF, individually; JOHN FARISH, individually, BRIAN LEE CARTHAN, individually; and CORRECTIONS OFFICERS JOHN DOE 1 and 2, individually, and FDOC JOHN DOE 3-6, individually,<br><br>    Defendants. | Civil Division<br><br><br><br><br><br>Case No. 3:16-cv-449<br><br><br><br><br><br>Jury Trial Demanded |

## **PROPOSED ORDER**

On this _____ day of _____, 2019, having reviewed Plaintiff's Motion In Limine For Separate Jury Charges, and all responses and replies thereto, it is so **ORDERED** that the motion is **GRANTED**.

 

_____
Roger Vinson
Senior United States District Judge

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

| | |
|---|---|
| CHANDRA KANTOR, as Personal Representative of the Estate of HANUMAN JOYCE and Survivors, CHANDRA KANTOR, Mother, and RAMAYANA BABA, Father,<br><br>    Plaintiff,<br>v.<br><br>WARDEN JOHN SLOAN, in his individual capacity, OLUGBENGA OGUNSANWO, MD, individually; CORIZON HEALTH, INC., a health services corporation; DANIEL CHERRY, DO, individually; CHRISTINE NOBLES, individually; AMANDA SNEED, individually; BAPTIST HOSPITAL, INC.; HAITHAM QADER, MD, individually; SURENDAR S. VEERA, MD, individually; SCOTT M. HOF, individually; JOHN FARISH, individually, BRIAN LEE CARTHAN, individually; and CORRECTIONS OFFICERS JOHN DOE 1 and 2, individually, and FDOC JOHN DOE 3-6, individually,<br><br>    Defendants. | Civil Division<br><br><br><br><br><br>Case No. 3:16-cv-449<br><br><br><br><br><br>Jury Trial Demanded |

## PLAINTIFF'S MOTION IN LIMINE FOR SEPARATE JURY CHARGES

Plaintiff, by and through her attorneys, files this Motion for Separate Jury Charges on the Eighth Amendment deliberate indifference claim (Count I) and the professional negligence and negligence claims (Counts V, VI, and XI).

The complex and divergent nature of the claims, along with the fact that there are many more actors involved in the negligence claims and only the negligence claims can be apportioned while the Eighth Amendment claim cannot, require staged deliberations wherein the deliberate indifference and negligence claims are submitted separately to the jury. This will alleviate jury confusion and prevent possible juror error. In support of her Motion, Plaintiff states as follows:

1.	Plaintiff, the mother and personal representative of decedent Hanuman Joyce brought a suit alleging constitutional violations along with professional negligence\negligence claims arising out of Mr. Joyce's death during a medical transport while Mr. Joyce was an inmate in the Florida Department of Corrections ("FDOC").

2.	In her Complaint, Plaintiff named three groups of Plaintiffs, (1) FDOC personnel; (2) Baptist Hospital personnel; and (3) Corizon Health personnel.

3.	Plaintiff then settled her claims in the federal action with the FDOC personnel and with Baptist Hospital and their personnel. At that point, the only named defendants in the case were the Corizon Defendants (Dr. Cherry, Nurse Nobles, and Corizon Health, Inc.).

4.	The Corizon Defendants then moved to amend their answers and affirmative defenses to add the FDOC and Baptist Hospital personnel as *Fabre* defendants. (Doc. No. 150).

5.	The Supreme Court of Florida and the Eleventh Circuit have consistently interpreted Fla. Stat. § 769.81(3), Florida's comparative negligence statute, as prohibiting the allocation of damages between negligent and intentional tortfeasors.

6.	It is well-settled that constitutional claims based on deliberate indifference require more than mere negligence and are more akin to intentional torts. *Estelle v. Gamble*, 429 U.S. 97, 97 S. Ct. 285 (1976) (distinguishing deliberate difference from negligence in the context of inmate medical care); *Hinson v. Edmond*, 192 F.3d 1342 (11th Cir. 1999) ("Evidence must support a conclusion that . . . harmful acts were intentional or reckless")

7.	Given the distinction in culpability between claims of negligence and deliberate indifference, § 769.81, by its very terms, cannot apply to allocate fault between tortfeasors sued under theories of negligence and those sued under § 1983.

8.	While liability and damages can be apportioned amongst negligent tortfeasors,

intentional tortfeasors cannot apprise themselves of the comparative fault statute.

9. In granting the motion, this Court made clear that "*Fabre* only applies to negligent conduct" and that the FDOC and Baptist Hospital Defendants could only be *Fabre* defendants "to the extent their conduct sounds in negligence." (Doc. No. 149, cited in Doc. No. 154). *See Merrill Crossings Assocs. v. McDonald*, 705 So.2d 560 (Fla. 1997) ("negligent tortfeasors such as in the instant case should not be permitted to reduce their liability by shifting it to another tortfeasor whose intentional criminal conduct was a foreseeable result of their negligence").

10. There are currently four claims set for trial: Count I – Eighth Amendment\Deliberate Indifference as to Defendant Cherry and Defendant Nobles; Count VI – Professional Negligence as to Defendant Cherry; Count VI – Professional Negligence as to Defendant Nobles; and Count XI – Negligence as to Defendant Cherry and Defendant Nobles and Vicarious Liability as to Defendant Corizon Health, Inc.

11. Under Federal Rule of Civil Procedure 42, this Court has the power to order separate trials of claims for the sake of convenience, to avoid prejudice, or to expedite and economize the proceedings. Fed. R. Civ. P. 42(b). Rule 42 confers broad discretion on the district court to permit bifurcation when it furthers convenience. *Gilbert v. State Farm Mut. Auto. Ins. Co.*, 311 F.R.D. 685, 686 (M.D. Fla. 2015).

12. Here, Plaintiff does not ask that the constitutional claims and the negligence claims be tried separately, only that they be submitted to the jury separately. Specifically, Plaintiff asks that, after the trial is concluded, the jury be charged with the Eighth Amendment claim and render a verdict on that claim *before* being charged with the professional negligence and negligence claims and rendering a verdict as to those claims.

13. Plaintiff believes this is the most efficient and least disruptive way to alleviate potential juror confusion and error, given that the jury will be tasked with rendering a verdict on two very conceptually distinct sets of claims (intentional vs. negligent conduct) with different sets of defendants tied to each claim.

14. While the Corizon Defendants will seek to direct liability as to the negligence claims onto the dismissed FDOC and Baptist Hospital defendants under *Fabre*, this defense and allocation of damages is prohibited as to the Eighth Amendment\deliberate indifference claim.

15. However, given the complex factual nature of the case and the array of defendants, there is concern that, if the jury is not separately instructed on the Eighth Amendment claim and separately renders a verdict on that claim *before* moving to the negligence claims, their verdict could be improperly tainted by defense counsel's arguments about the degree of negligence of the FDOC and Baptist Hospital personnel.

16. This confusion may be exacerbated by the two very different conceptual frameworks in play for deliberate indifference and negligence, and may further cause the jury to run the claims together if they are not separately submitted.

17. Besides alleviating these sources of confusion and potential error, separately submitting the charges also has the possibility of shortening the trial, since if Plaintiff succeeds on the Eighth Amendment claim, the remaining negligence claims are likely to settle – obviating the need for a second submission to the jury as to the those claims.

### I. MEMORANDUM OF LAW IN SUPPORT OF MOTION IN LIMINE FOR SEPARATE JURY CHARGES

#### i. PRELIMINARY STATEMENT

Plaintiff seeks separate submissions to the jury and staged deliberations as to the Eighth Amendment/deliberate indifference and negligence claims against Defendant Daniel Cherry, DO

4

Defendant Christine Nobles, RN, and Corizon Health, Inc. (collectively, "Corizon Defendants"). The fact that the trial will involve a dense factual history with an array of actors subject to differing standards under the applicable tort (deliberate indifference vs. negligence), combined with the presence of *Fabre* defendants who cannot have all or part of the damages apportioned to them as to the Eighth Amendment claim but can under the negligence claim means that the likelihood for juror confusion and error is high.

Given the complexity and difficulty of asking the jury to apply two separate standards (deliberate indifference vs. negligence) to the claims pending against the Corizon Defendants, as well as the potential for juror error regarding the inapplicability of the comparative fault statute to the Eighth Amendment claim, Plaintiff asks that at the end of the trial, the jury be instructed as to Count I (Eighth Amendment claim) and deliberate to a verdict, and, only after that verdict is reached, proceed to instructions and deliberations on Counts V, VI, and XI (professional negligence and negligence\wrongful death\vicarious liability) if they have not settled.

  **ii.**  **BACKGROUND**

Plaintiff, the mother and personal representative of decedent Hanuman Joyce brought a suit alleging constitutional violations along with professional negligence\negligence claims arising out of Mr. Joyce's death during a medical transport while Mr. Joyce was an inmate in the Florida Department of Corrections ("FDOC").

In her Complaint, Plaintiff named three groups of Plaintiffs, (1) FDOC personnel; (2) Baptist Hospital personnel; and (3) Corizon Health personnel.

Plaintiff then settled her claims in the federal action with the FDOC personnel and with Baptist Hospital and their personnel. At that point, the only named defendants in the case were the Corizon Defendants (Dr. Cherry, Nurse Nobles, and Corizon Health, Inc.).

The Corizon Defendants then moved to amend their answers and affirmative defenses to add the FDOC and Baptist Hospital personnel as *Fabre* defendants. (Doc. No. 150).

### iii. LEGAL STANDARD

Under Federal Rule of Civil Procedure 42, this Court has the power to order separate trials of claims for the sake of convenience, to avoid prejudice, or to expedite and economize the proceedings. Fed. R. Civ. P. 42(b). Rule 42 confers broad discretion on the district court to permit bifurcation when it furthers convenience. *Gilbert v. State Farm Mut. Auto. Ins. Co.*, 311 F.R.D. 685, 686 (M.D. Fla. 2015).

Under Rule 42, "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third party claims." Fed. R. Civ. P. 42(b). "Whether to bifurcate a trial is a matter to be decided on a case-by-case basis and must be subject to an informed discretion by the trial judge in each instance." *Innovative Office Prods. v. Spaceco, Inc.*, No. 05-04037, 2006 U.S. Dist. LEXIS 29439, 2006 WL 1340865, at *1 (E.D. Pa. 2006) (internal quotation marks omitted). The party seeking bifurcation "bears the burden of demonstrating that bifurcation would serve judicial economy, avoid inconvenience, and not prejudice any of the parties." *Id.*

Here, to expedite and economize the proceedings and alleviate almost certain juror confusion, Plaintiff asks that this Court not bifurcate the trial, but only separate the charges on deliberate indifference and negligence.

### iv. ARGUMENT

The presence of *Fabre* defendants in one of the two claims that will before the jury along with the very divergent legal standards for deliberate indifference vs. negligence means that the potential for juror confusion and mistake is high. To help minimize that confusion and those

6

potential mistakes, Plaintiff asks for separate charges on the deliberate indifference and negligence claims.

Section 769.81, Florida's Comparative Fault statute, provides for the apportionment of damages "[i]n a negligence action" on the basis of percentage of fault. § 769.81(3). The statute explicitly states that "[t]his section applies to negligence cases" and "does not apply to any action . . . based upon an intentional tort . . . ." § 769.81(4) (emphasis added).

The Supreme Court of Florida and the Eleventh Circuit have consistently interpreted § 769.81(3) as prohibiting the allocation of damages between negligent and intentional tortfeasors.

In *Merrill Crossings Assocs. v. McDonald,* 705 So. 2d 560 (Fla. 1997), a shopping center patron brought suit against a shopping center owner and its tenant after he was shot in their parking lot by an unknown assailant. On appeal, the Supreme Court of Florida held that § 769.81 did not apply, as the case involved an intentional tort. *Id.* at 562. In so ruling, the Supreme Court looked not only to the plain language of the statute, but to the public policy considerations underlying the exclusion of intentional torts as well, i.e., "that negligent tortfeasors . . . should not be permitted to reduce their liability" by shifting it to another tortfeasor whose intentional conduct was a foreseeable result of their negligence. *Id.*

In the wake of *Merrill Crossings*, a legion of Florida cases have all held that § 769.81 does not apply in cases involving intentional torts. *See, e.g., Stellas v. Alamo Rent-A-Car, Inc.*, 702 So. 2d 232 (Fla. 1997); Wal-Mart Stores, Inc. v. Coker, 714 So. 2d 423 (Fla. 1998); *Barton Protective Servs., Inc. v. Faber, 745 So. 2d 968* (Fla. Dist. Ct. App. 1999); *Jones v. Budget Rent-A-Car Sys., Inc.,* 723 So. 2d 401 (Fla. Dist. Ct. App. 1999) ("[b]y its very terms, [section 768.81(4)(b) ] simply does not apply to cases involving intentional conduct" as a basis "for a negligent tortfeasor to reduce his liability because of [the] intentional tortuous act of a third

7

party.").

Applicable Florida case law makes clear that *Fabre* only applies to cases involving negligent tortfeasors whose combined negligence caused the plaintiff harm, and explicitly distinguishes cases where the nonparty tortfeasor's conduct was based on an intentional tort, including § 1983 claims. *See, e.g., Barton Protective Servs.*, 745 So. 2d at 975. (holding that in a case involving negligence and Fourth Amendment claims, joint and several liability rather than comparative fault was appropriate "[b]ecause the civil rights claims under § 1983 are based on intentional torts[.]"). *See also, Finch v. City of Vernon*, 877 F.2d 1497 (11th Cir.1989) (finding that joint and severally liability for § 1983 claims is "consistent with the policy underlying § 1983 to fully compensate injuries sustained as a result of violations of constitutional rights").

It is well-settled that constitutional claims based on deliberate indifference require more than mere negligence and are more akin to intentional torts. *Estelle v. Gamble*, 429 U.S. 97, 97 S. Ct. 285 (1976) (distinguishing deliberate difference from negligence in the context of inmate medical care); *Hinson v. Edmond*, 192 F.3d 1342 (11th Cir. 1999) ("Evidence must support a conclusion that . . . harmful acts were intentional or reckless"); *Engelleiter v. Brevard Cty. Sheriff's Dep't*, 290 F. Supp. 2d 1300, 1308 (M.D. Fla. 2003) (observing that deliberate indifference to a prisoner's medical needs is established by *intentionally* delaying or withholding treatment with knowledge of prisoner's medical condition). Given the distinction in culpability between claims of negligence and deliberate indifference, § 769.81, by its very terms, cannot apply to allocate fault between tortfeasors sued under theories of negligence and those sued under § 1983.

In granting the motion, this Court made clear that "*Fabre* only applies to negligent

conduct" and that the FDOC and Baptist Hospital Defendants could only be *Fabre* defendants "to the extent their conduct sounds in negligence." (Doc. No. 149, cited in Doc. No. 154). *See Merrill Crossings Assocs. v. McDonald*, 705 So.2d 560 (Fla. 1997) ("negligent tortfeasors such as in the instant case should not be permitted to reduce their liability by shifting it to another tortfeasor whose intentional criminal conduct was a foreseeable result of their negligence").

There are currently four claims set for trial: Count I – Eighth Amendment\Deliberate Indifference as to Defendant Cherry and Defendant Nobles; Count VI – Professional Negligence as to Defendant Cherry; Count VI – Professional Negligence as to Defendant Nobles; and Count XI – Negligence as to Defendant Cherry and Defendant Nobles and Vicarious Liability as to Defendant Corizon Health, Inc.

Here, Plaintiff does not ask that the constitutional claims and the negligence claims be tried separately, only that they be submitted to the jury separately. Specifically, Plaintiff asks that, after the trial is concluded, the jury be charged with the Eighth Amendment claim and render a verdict on that claim *before* being charged with the professional negligence and negligence claims and rendering a verdict as to those claims.

Plaintiff believes this is the most efficient and least disruptive way to alleviate potential juror confusion and error, given that the jury will be tasked with rendering a verdict on two very conceptually distinct sets of claims (intentional vs. negligent conduct) with different sets of defendants tied to each claim.

While the Corizon Defendants will seek to direct liability as to the negligence claims onto the dismissed FDOC and Baptist Hospital defendants under *Fabre*, this defense and allocation of damages is prohibited as to the Eighth Amendment\deliberate indifference claim.

However, given the complex factual nature of the case and the array of defendants, there

9

is concern that, if the jury is not separately instructed on the Eighth Amendment claim and separately renders a verdict on that claim *before* moving to the negligence claims, their verdict could be improperly tainted by defense counsel's arguments about the liability of the FDOC and Baptist Hospital personnel.

This confusion over the role of the *Fabre* defendants may be exacerbated by the two very different conceptual frameworks in play for deliberate indifference and negligence, and may further cause the jury to run the claims together and improperly apply the law if the claims are not separately submitted.

"To prevail on a deliberate indifference to serious medical need claim, Plaintiffs must show: (1) a serious medical need; (2) the defendants' deliberate indifference to that need; and (3) causation between that indifference and the plaintiff's injury." *Goebert v. Lee County*, 510 F.3d 1312, 1326 (11th Cir.2007).

A serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Hill v. Dekalb Reg'l Youth Det. Ctr.*, 40 F.3d 1176, 1187 (11th Cir.1994). Additionally, a serious medical need is determined by whether a delay in treating the need worsens the condition. *Id.* at 1188–89.

To prove deliberate indifference, a plaintiff must show: "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; and (3) conduct that is more than mere negligence." *Brown v. Johnson*, 387 F.3d 1344, 1351 (11th Cir. 2004).

Professional and simple negligence on the other hand require a plaintiff to prove: "(1) existence of a legal duty; (2) breach of the duty; (3) proximate causation; and (4) actual loss." *See, e.g., Postel Indus. V. Abrams Group Constr., LLC,* 2012 WL 4194660 (M.D. Fla. 2012);

*Rutkowski v. City of Titusville*, 2015 U.S. Dist. Lexis 119948 (M.D. Fla. 2015).

As is evident, the legal standards for these two sets of claims are complex, demanding, and divergent multi-part tests.  Most basically, deliberative indifference requires intentional conduct, while negligence does not.  Having the jury apply these two divergent tests – one which involves apportioning damages (negligence) while the other does not (deliberate indifference) – to evaluate the conduct of an array of actors, when some of those actors can only be liable under one of the two claims (as fault for the Eighth Amendment claim cannot be allocated to the FDOC and Baptist Hospital *Fabre* defendants) is a likely recipe for juror confusion and error.

Instead, allowing the jury to first deliberate as to the Eighth Amendment claim without also having to concern themselves with the negligence claims and apportionment under the comparative fault statute will significantly lessen the likelihood of juror confusion.  It will also allow the jurors to zero in on the set of facts central to the Plaintiff's deliberate indifference claim against the Corizon Defendants, i.e., the decision to discharge Mr. Joyce and have him transported across Florida shackled in the back of a prison van without accompanying medical personal – further alleviating juror confusion.

Given the factual and legal complexity of this case, as well as the presence of *Fabre* defendants for some but not all of the counts, separate submissions is the simplest and most efficient way to streamline the case and avoid juror confusion and error.

Finally, Plaintiff believes that if a jury verdict is returned in favor of Plaintiff as to the deliberate indifference claim, it is likely that the remaining negligence claims will settle, thus alleviating the need for a second phase of instructions and deliberations on the negligence claims. This will ultimately cut down on the trial length, furthering the ends of increasing

judicial economy, efficiency, and convenience central to Rule 42.

## II. CONCLUSION

Based on the foregoing reasons, Plaintiff hereby requests that her motion in limine be granted, and that the Court enter an order directing that the jury is first charged with and render a verdict on the Eighth Amendment deliberate indifference claim before they are then charged with and instructed to deliver a verdict on the negligence claims.

## CERTIFICATE OF CONFERENCE

In accordance with N.D. Fla. Loc. R. 7.1(B), Plaintiff's counsel attempted to resolve this matter through a conference with the attorney for the adverse parties and reports that Defendants disagree with the relief requested.

## CERTIFICATE OF WORD COUNT

In accordance with N.D. Fla. Loc. R. 7.1(F), the number of words in the memorandum, which excludes the case style, signature block, and certificates, is 2,680.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing motion was served via ECF filing system, on June 24, 2019, on any counsel registered to receive notice on the CM-ECF filing system.

Date: June 24, 2019

          Respectfully submitted,

          */s/ Jack Meyerson*
          JACK MEYERSON, ESQ.
          Meyerson & O'Neill
          1700 Market Street
          Suite 3025
          Philadelphia, PA 19103
          (215) 972-1376
          jmeyerson@meyersonlawfirm.com

                    JAMES V. COOK, ESQ.
Florida Bar Number 0966843
Law Office of James Cook
314 West Jefferson Street
Tallahassee, FL 32301
(850) 222-8080
(850) 561-0836 fax
cookjv@gmail.com

ROBERT L. HERBST (RH 8851)
HERBST LAW PLLC
420 Lexington Avenue, Suite 300
New York, New York 10170
(646) 543-2354
rherbst@herbstlawny.com

*Attorneys for PLAINTIFF*